UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM HOUCK,

    Plaintiff,

v.                                                                               CASE No. 8:10-CV-1938-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

ORDER
====

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and the plaintiff has not identified any reversible error, the decision will be affirmed.

I.

The plaintiff, who was fifty-one years old at the time of the administrative hearing, and who has an eleventh grade education, has worked as a truck driver (Tr. 53, 222). He filed a claim for Social Security disability

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

benefits, as well as supplemental security income payments, alleging that he became disabled due to a spinal injury, degenerative disc disease, and chronic pain (Tr. 230). The claim for disability benefits was denied initially and upon reconsideration.[2]

The plaintiff, at his request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments consisting of lumbar degenerative disc disease and major depression (Tr. 18). The law judge concluded that these impairments limited the plaintiff to performing a wide range of light work (Tr. 19). Specifically, the law judge stated (<u>id.</u>):

> I find that the claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently; he can stand and walk for about 4 hours each in an 8-hour workday; he can sit for about 6 hours in an 8-hour workday; he can occasionally perform postural activities; he can never work on ladders, ropes or scaffolds; and he must avoid concentrated exposure to hazards such as dangerous machinery and unprotected heights. The claimant has mental limitations classified as moderate but with moderate defined as a some limitation but still able to function satisfactorily in

---

[2]The plaintiff's request for supplemental security income payments was denied at the initial stage of the proceedings because he receives monthly long-term disability payments (Tr. 190, 126).

> the areas of understanding, remembering, and carrying out complex instructions, making judgments on complex work decisions, interacting appropriately with the public, supervisors, and co-workers, and responding appropriately to usual work situations and changes in a routine work setting.

The law judge determined that these restrictions precluded the plaintiff from returning to his past work (Tr. 23). However, based upon the testimony of a vocational expert, the law judge decided that jobs existed in significant numbers in the national economy that the plaintiff could perform, such as cashier, ticket seller, office helper, and hand packer/packager (Tr. 24). The plaintiff was therefore found not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the defendant (Tr. 6).

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by

substantial evidence. <u>Celebrezze</u> v. <u>O'Brient</u>, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

## III.

The plaintiff alleges that he became disabled in March 2005 when he fell backward onto protruding concrete and injured his back (Tr. 58). The law judge found that the plaintiff was restricted to performing a range of light work, and that he had moderate limitations in certain areas of mental functioning (Tr. 19). Based upon testimony from a vocational expert, the law judge found that there were jobs in the national economy that the plaintiff could perform despite these limitations and, consequently, he determined that the plaintiff was not disabled. The plaintiff challenges two aspects of the law judge's determination with regard to the plaintiff's mental limitations. The

plaintiff does not challenge the law judge's findings regarding the plaintiff's physical condition or his credibility. In light of the scheduling Order (Doc. 16, p. 2), any such challenges are deemed waived. With respect to the two contentions relating to the plaintiff's mental status, neither warrants reversal.

A. The plaintiff argues first that the vocational expert's opinion that the plaintiff could perform jobs in the national economy was based upon a hypothetical question that did not accurately define the severity of his moderate mental limitations (Doc. 19, pp. 7-8). In the pertinent hypothetical question, the law judge asked the vocational expert to assume that "moderate" was "<u>a slight limitation</u> in the area, but [that] the individual is still able to function satisfactorily" (Tr. 41). The plaintiff contends that the law judge should have defined "moderate" as "<u>more than a slight limitation</u> in th[at] area but the individual is still able to function satisfactorily" (Doc. 19, pp. 7-8). While this definition apparently is not set forth in any statute, regulation, or Social Security Ruling, it was stated in the Social Security Administration's Medical Source Statement of Ability to do Work-Related Activities form that a consulting psychologist, Dr. Billie Jo Hatton, filled out (Tr. 456).

The plaintiff argues that, "[i]t is a very likely possibility that if the vocational expert had been presented with a hypothetical question that

had properly defined 'moderate limitation' as the term was used and defined by the Social Security Administration, that the expert would have reached a different opinion concerning Plaintiff's ability to perform work activities" (Doc. 19, p. 8). This speculation is unpersuasive.

The definition relied upon by the plaintiff has two parts: a moderate limitation (a) "is more than a slight limitation," (b) "but the individual is still able to function satisfactorily." The law judge seemingly misstated the first part of the definition in his hypothetical question by defining moderate impairment as a "slight" limitation, rather than as a "more than a slight limitation." The Commissioner, however, argues convincingly that it is the second part of the definition that carries all the meaning (Doc. 22, p. 8). As indicated, that part informs the vocational expert that "the individual is still able to function satisfactorily."

A finding that the plaintiff can function satisfactorily is the ultimate criterion in determining whether he is disabled. Thus, it is the functional limitation from an impairment, and not the diagnosis of an impairment, that is determinative in an evaluation of disability. Moore v. Barnhart, 405 F.3d 1208, 1213 n. 6 (11th Cir. 2005); McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). Consequently, after the vocational expert

is told that, despite the plaintiff's moderate mental limitations, the plaintiff can function satisfactorily, nothing more needs to be said about the limitations. In other words, it would make no difference whether the plaintiff's moderate mental limitations were described as "more than slight," or "slight," or "some," if he is able to function satisfactorily.

This is particularly true here since the jobs that the expert identified, and the law judge agreed that the plaintiff could perform, all involved unskilled work that could be learned in a month or less (Tr. 42-43). Accordingly, the jobs do not seem to demand substantial mental capabilities. Notably, Dr. Hatton, the examining psychologist, opined that the plaintiff had no mental limitations in understanding, and remembering, simple instructions, or in carrying out simple instructions, and only a mild mental limitation in the ability to make judgments on simple work-related decisions (Tr. 456). Thus, to this extent, the misstated definition of a moderate limitation does not even come into play.

In any event, as previously explained, the definition of moderate limitation is controlled by the part that states the "individual is still able to function satisfactorily." That statement is not modified in any way by language that "[t]here is more than a slight limitation." In the first place, that

language is so vague and general that it does not provide any meaningful guidance. And whatever the extent of the limitation, it does not diminish the individual's ability to function satisfactorily. See Griffis v. Commissioner of Social Security Administration, 2010 WL 4813087 (11th Cir. 2010)(unpub. dec.)(the law judge appropriately defined "moderate" as "able to function satisfactorily"); Wind v. Barnhart, 133 Fed. Appx. 684, 694 (11th Cir. 2005)(unpub. dec.)(definition of moderate to limited but satisfactory ability to work upheld).

Significantly, the plaintiff's representative at the hearing cross-examined the vocational expert (Tr. 44-46), and did not mention the misstatement, or pose a hypothetical question to the vocational expert which defined "moderate" differently. Thus, she either did not notice the misstatement or thought it was not worthy of mention. Further, the vocational expert testified that he is familiar with the words and phrases used in the adjudication of Social Security claims (Tr. 39), and he also did not mention the misstatement. Consequently, it may be that the law judge's erroneous definition was not even factored into the expert's testimony.

Regardless, accepting that the expert fully considered the law judge's definition of "moderate," that definition informed the expert that the

plaintiff was able to function satisfactorily. There is no reason to think that, if the law judge had also said that the plaintiff's limitations were more than slight, the expert's testimony would have been any different. Therefore, the error is harmless. See Williams v. Barnhart, 140 Fed. Appx. 932 (11th Cir. 2005) (harmless error when the plaintiff failed to show that an omission from a hypothetical would have changed the testimony of the vocational expert); Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997).

B. The plaintiff's second contention is that the law judge failed to consider in determining the plaintiff's mental functioning his ability to perform work activities "on a sustained basis" (Doc. 19, pp. 3, 8-9). This conclusory contention lacks merit.

In determining the plaintiff's residual mental functional capacity, the law judge clearly concluded the plaintiff was able to perform mental activities on a "sustained basis." Thus, the law judge expressly stated in his decision that the determination of the plaintiff's residual functional capacity is based on "his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments" (Tr. 17)(emphasis added). Further, the law judge specifically cited in his decision a pertinent regulation (20 C.F.R. 404.1545), and a Social Security Ruling (SSR 96-8p,

1996 WL 374184 (S.S.A.)), that explain that the residual functional capacity assessment is to consider the performance of work on a regular and continuing basis (id.). There is no reason for thinking that the law judge, having cited these principles, then disregarded them in determining the plaintiff's residual functional capacity.

Furthermore, the determination that the plaintiff could perform mental tasks on a sustained basis is supported by substantial evidence. In this regard, the law judge looked to Dr. Hatton's opinions of the plaintiff's mental functioning in a Medical Source Statement of Ability to do Work-Related Activities (Tr. 22, 23; see Tr. 456). That statement asked Dr. Hatton at the beginning in bold letters to consider the "individual's ability to do work-related activities on a sustained basis," which was defined in the statement as "the ability to perform work-related activities eight hours a day for five days a week, or an equivalent work schedule (SSR 96-8p)" (Tr. 456). With these instructions in mind, Dr. Hatton opined that the plaintiff had mild or moderate mental limitations, and the law judge accepted those opinions.

In addition, the law judge considered that "[n]one of the treating sources indicated any limitation or restriction of the claimant's ability to perform work-related mental activities" (Tr. 23). Consequently, the record

-11-

shows that the law judge evaluated the plaintiff's mental ability to work on a sustained basis, and that finding is amply supported by substantial evidence.

The plaintiff's argument is based solely on a statement in Dr. Hatton's report that "[t]he prognosis for [the plaintiff's] ability to maintain in a competitive work situation is fairly poor" (Doc. 19, pp. 8-9; see Tr. 455). This contention fails to acknowledge that a prognosis is a forecast or a prediction. Thus, the prognosis was an opinion about the plaintiff's future. Notably, the psychological examination took place after the hearing and shortly before the law judge's decision. Accordingly, the future period about which Dr Hatton was opining was beyond the period covered by the law judge's decision.

Significantly, if the prognosis were viewed as reflecting the plaintiff's mental functioning during the period before the law judge's decision, there would be an inconsistency between Dr. Hatton's prognosis and her opinions in the medical source statement regarding the plaintiff's mental limitations. There is no basis for thinking that Dr. Hatton was expressing inconsistent positions. Accordingly, the prognosis is properly

viewed as an opinion about the plaintiff's future mental condition, an opinion which is plainly speculative.[3]

In sum, the law judge clearly considered the plaintiff's ability to do work-related activities on a sustained basis. That conclusion is not affected by Dr. Hatton's prognosis.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 8th day of July, 2011.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[3]The Appeals Council acknowledged that the plaintiff had submitted progress notes from a psychiatrist for a period after the law judge's decision (Tr. 6). The Appeals Council returned that material, stating that it could be submitted in connection with a new application (Tr. 7).